UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**CITY OF SANTA FE,**
    Petitioner

v.                                       Case No.  1:16-cv-00825-WPL-KBM

**ALBERT CATANACH,**
    **INFINITE INTERESTS ENT. LLC**
    **D/B/A CNSP, INC.**
    **D/B/A NMSURF**
    Respondent

**MOTION TO REMAND**

The Petitioner City of Santa Fe ("City"), by and through its attorney, Marcos D. Martínez, respectfully files this Motion to Remand pursuant to 28 U.S.C. § 1447(c), and as grounds for this Motion, states as follows:

**I.    Lack of Subject Matter Jurisdiction Requires Remand under 28 U.S.C. § 1447(c)**

28 U.S.C. § 1447 (c) states, "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  The City maintains that the Federal District Court lacks subject matter jurisdiction to decide this case or controversy because federal law is not an essential element of the City's complaint.  If so, the Court must remand the action to the State District Court of New Mexico.

## II.     Removal Fails to Satisfy the Well-Pleaded Complaint Rule

The principle governing removal is that the right or immunity created by the Constitution or other federal law must be an essential element of the plaintiff's properly pleaded claim for relief:

> It is the settled interpretation of these words, as used in this statute, conferring jurisdiction, that a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States. Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution.

*Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S. Ct. 42, 42 (1908).  See also, *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 1546 (1987).

The well-pleaded complaint rule applies both to cases removed to federal court and to cases filed there. Under this rule, a federal question must be presented on the face of the plaintiff's complaint at the time the notice of removal is filed:

> [I]t has been frequently decided by this court that whether a case arising, as this one does, under a law of the United States is removable or not, when it is commenced (there being no claim of fraudulent attempt to evade removal), is to be determined by the allegations of the complaint or petition and that if the case is not then removable it cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant.

*Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281, 38 S. Ct. 237, 239 (1918).

In this case, on July 14, 2016, the City of Santa Fe filed a "Verified Petition for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction" (the

2

"Petition") in State District Court alleging violations of the City's Land Use Code, which the City enacted under state law conferring zoning powers on municipalities, NMSA 1978 §§ 3-21-1 through 3-21-26. (See, SFCC 1987, §14-1.2). The first count of the Petition alleges that the Defendant has constructed a telecommunications tower without a city-issued permit. (Doc. 1-1 at 4). The second count of the Petition alleges that the Defendant has failed to exhaust the Defendant's administrative appeal remedies under the City Code. (Doc. 1-1 at 10-11). Finally, the Petition requests that the district court provide the following injunctive relief from the Defendant: 1) to stop work and not place or activate any further telecommunication equipment on the new tower pending resolution of this case; 2) to immediately allow the Inspection & Enforcement division of the City on the Defendant's property and to take any steps ordered by the building inspector to ensure the structure's safety; and 3) to inform the City Planning Division in writing whether the Defendant wishes to proceed with the application process or whether he wishes to appeal the process. (Doc. 1-1 at 13).

In sum, neither the allegations in the City's Petition nor the claims for relief present any issue that arises under federal law. The Petition or complaint does not present a federal question on its face and thus could not have been brought as an original action in federal court. Having failed to present a federal question, the Federal District Court lacks subject matter jurisdiction and the action should be remanded to the State District Court.

The Defendant offers two related "grounds for removal" to justify why the Federal District Court has jurisdiction. First, the Defendant states, "All of the relief requested in State Court is inappropriate as the approval and construction of the modifications to the

3

Telecommunications tower is globally governed and administered by Federal Statutes and FCC Regulations." (Doc 1 at 6).  Second, under the jurisdictional statement, the Defendant states: "This is an action requiring an interpretation of the federal laws and regulations as they pertain to modification of telecommunications towers and therefore demands federal participation." *Id*.

Neither of these statements satisfies the well-pleaded complaint rule.  In fact, the United States Supreme Court and the 10th Circuit have clearly stated that a party seeking removal cannot predicate federal question jurisdiction on its defenses or counterclaims: "Federal jurisdiction cannot be predicated on an actual or anticipated defense: 'It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of [federal law].' Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."  *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S. Ct. 1262, 1272, 173(2009) (internal citations omitted).  "To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses."  *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6, 123 S. Ct. 2058, 2062 (2003).  Similarly, the 10th Circuit has made clear:

> The well-pleaded complaint rule makes the plaintiff the 'master' of his claim. *Nicodemus,* 440 F.3d at 1232 (quoting *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). The plaintiff can elect the judicial forum-state or federal-based on how he drafts his complaint. Although he "may not circumvent federal jurisdiction by omitting federal issues that are essential to his ... claim," *id.,* he can nevertheless "avoid federal jurisdiction by exclusive reliance on state law," *id.* (quoting *Caterpillar,* 482 U.S. at 392, 107 S.Ct. 2425) (internal quotation marks omitted). Neither the plaintiff's anticipation of a federal defense nor the defendant's assertion of a federal defense is sufficient to make the case arise under federal law.

*Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (internal citations omitted).

The Defendant's allusions to "Federal Statutes and FCC regulations" and "an interpretation of the federal laws and regulations" does not transform the City's request for injunctive relief into a federal question and does not present an issue that arises under federal law.

### III.  Conclusion

The Defendant has improperly invoked removal of the City's Petition to Federal Court. Because the City's well-pleaded complaint does not raise an issue of federal law, the Federal District Court lacks subject matter jurisdiction to decide this case or controversy. Consequently, the Court should remand the case to the New Mexico State District Court pursuant to 28 U.S.C. 1447 (c).

Respectfully submitted,

Kelley Brennan, City Attorney
City of Santa Fe

By: /s/ Marcos D. Martínez
Marcos D. Martínez
Assistant City Attorney
P.O. Box 909
Santa Fe, NM 87501
mdmartinez@santafenm.gov
(505)955-6511
Fax 505-955-6748

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading the foregoing pleading was electronically filed through the Court's CM/ECF system, which caused the foregoing parties or counsel of record to be served by electronic means as more reflected on the Notice of Electronic Filing:

        Thomas G. Rice
        4801 Lang Ave. NE
        Suite #110
        Albuquerque, NM 87109
        (505) 550-3904
        Fax: 505-796-9601
        Email: trice@davismiles.com
        ATTORNEY TO BE NOTICED

*electronically filed on July 26, 2016*
/s/ Marcos D. Martínez
Marcos D. Martínez