IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CITY OF SANTA FE,

    Petitioner,

v.                                                 No. 1:16-cv-00825-MCA/KBM

ALBERT CATANACH, *et al.*,

    Respondents.

**MEMORANDUM OPINION AND ORDER**

    This matter is currently before the Court upon Petitioner City of Santa Fe's Motion to Remand. [Doc. 8] The Court has considered the parties' submissions and the relevant law, and is otherwise fully informed. For the following reasons, the Court **grants** Petitioner's Motion.

    In the summer of 2016, respondents Albert Catanach and CNSP, Inc. (Respondents) erected a telecommunications tower without a permit from the City of Santa Fe (the City). [Doc. 1-1, ¶¶ 80-82; Doc. 10, ¶ 43] After discovering the tower, the City filed a *Petition for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction* in the First Judicial District Court in July 2016. [Doc. 1-1] *See* Rule 1-066 NMRA. The City sought an order (1) prohibiting Catanach from continuing work on the new tower and/or placing telecommunications equipment on the new tower

pending resolution of the dispute over issuance of a permit, (2) ordering Catanach to allow state inspectors to review the tower's construction, and (3) requiring Catanach to inform the City as to his intent to engage with the City's permitting process.  [Doc 1-1] Respondents removed the matter to this Court on July 15, 2016 "pursuant to 28 U.S.C. §§ 1441 and 1446."  [Doc. 1]  The City then moved for remand to the state court.  [Doc. 8; *see also* Doc. 11 (Response) and Doc. 12 (Reply)]  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  There is no diversity of citizenship alleged by the parties.

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States."  28 U.S.C. § 1441(a) (2012).

> Under 28 U.S.C. § 1331, federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  To determine whether [a] claim arises under federal law, [courts] examine the 'well[-]pleaded' allegations of the complaint and ignore potential defenses. . . .  Under the 'well-pleaded complaint' rule, a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based on federal law. . . .  By omitting federal claims from a complaint, a plaintiff can [generally] guarantee an action will be heard in state court.

*Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012) (internal quotation marks and citation omitted).  "For a case to arise under federal law within the meaning of § 1331, the plaintiff's 'well-pleaded complaint' must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of

federal law." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (internal quotation marks and citation omitted).

Defendant improperly removed this action to this Court. Here, the City's cause of action arises from the City's Land Development Code (the Code). *See* City of Santa Fe Land Development Code § 14-11.4(A)(1) (providing that in the event of a violation of the Code, the city attorney "may institute appropriate actions or proceedings to prevent, restrain, correct or abate such violation or to mandate compliance") *available at* http://clerkshq.com/default.ashx?clientsite=Santafe-nm. Thus the complaint does not satisfy the first question in the jurisdiction analysis.

Moreover, "[t]he 'substantial question' branch of federal question jurisdiction is exceedingly narrow—a 'special and small category' of cases." *Id*. (internal quotation marks and citation omitted). In other words, the "mere need to apply federal law in a state-law claim" will not "suffice to open the 'arising under' door." *Gilmore v. Weatherford*, 694 F.3d 1160, 1171 (10th Cir. 2012) Instead, "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* (quoting *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308, 313 (2005). Importantly, neither a defense nor counterclaim resting on federal law suffices to invoke federal question jurisdiction. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."); *Hansen v. Harper Excavating, Inc.*, 641 F.3d

3

1216, 1220 (10th Cir. 2011) ("[T]hat the defendant possesses a federal defense is not sufficient to invoke federal question jurisdiction."). Under these principles, "the plaintiff [is] the 'master' of his claim [and] . . . can elect the judicial forum-state or federal-based on how he drafts his complaint." *Firstenberg*, 696 F.3d at 1023.

Respondents argue that this Court has jurisdiction based on "Section 6409" of the Middle Class Tax Relief and Job Creation Act of 2012 (MCTR). MCTR, § 6409, 47 U.S.C. § 1455 (2012). [Doc. 10, ¶ 7] This position is based on their attempts to obtain a permit from the City. Catanach filed an initial application for a building permit in April, 2015. [Doc 1-1, ¶ 38] Over the next fifteen months, Catanach and the City corresponded about the application. [Doc. 1-1, ¶¶ 39-79] Much of the correspondence was over whether Respondents' tower constituted a "substantial change" to the existing towers. [Doc. 1-1, ¶¶ 39-79] If not, then approval procedures in Section 6409 apply, as Respondents argue. [Doc. 10, p. 11, 14] MCTR, § 6409, 47 U.S.C. § 1455 (2012). On the other hand, if the proposed modification was a "substantial change," as the City maintains, then Section 6409 does not apply. [Doc. 1-1, ¶¶ 10-26] "Substantial change" is defined by the Federal Communications Commission (FCC) regulations related to Section 6409. *See* 47 C.F.R. § 1.40001(b)(7) (2015). Believing that Section 6409 applies, when the City did not act on their application within 60 days, Respondents invoked the "deemed granted" provision in the FCC's regulations and erected the tower. *See* 47 C.F.R. § 1.40001(c)(4) ("In the event the reviewing State or local government fails to approve or deny a request seeking approval under this section within the

4

timeframe for review (accounting for any tolling), the request shall be deemed granted."). [Doc. 1-1, ¶ 72; Doc. 10, ¶ 40]

The City filed its petition based on its understanding that, in fact, Section 6409 does *not* apply to Respondents' tower. The City's petition alleges that Respondents erected a new tower without a building permit issued by the City pursuant to the Code § 14-3.11(A)(1), which states that "[a] *building* or other *structure* that is regulated by Chapter 14 shall not be erected, moved, added to or altered, nor shall other *development* activities described in this section occur, without a construction *permit* issued by the *land use director* or *building official*." [Doc 1-1, pg. 2, ¶ 6 and pg. 10, ¶¶ 86-88] "To obtain a preliminary injunction, a plaintiff must show that (1) the plaintiff will suffer irreparable injury unless the injunction is granted; (2) the threatened injury outweighs any damage the injunction might cause the defendant; (3) issuance of the injunction will not be adverse to the public's interest; and (4) there is a substantial likelihood plaintiff will prevail on the merits." *LaBalbo v. Hymes*, 1993-NMCA-010, ¶ 11, 115 N.M. 314, 850 P.2d 1017. The City also alleges that Respondents failed to exhaust administrative remedies provided by the Code. *See* City of Santa Fe Land Development Code § 14-3.17 (providing for appeals of final actions by the land use board and the land use director). [Doc. 1-1, pg. 10-11, ¶¶ 91-96]

Although the petition references Section 6409 and other federal law governing telecommunications facilities, neither of the City's allegations rest on such law and instead depend on satisfaction of the elements of a preliminary injunction and the provisions of the Land Development Code. [*See, e.g.*, Doc. 1-1, ¶¶ 11-12] Rather, the

5

City's invocation of federal law anticipates Respondents' defenses and counterclaims. [*See, e.g.*, Doc. 1-1. ¶¶ 11-16, 72-73]  But "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).  In addition, in order to confer jurisdiction, the federal-law issue must be a "serious" one implicating a "federal interest in claiming the advantages thought to be inherent in a federal forum."  *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (internal quotation marks and citation omitted).  "If the question is fact-bound and situation-specific, then federal question jurisdiction will generally be inappropriate." *Becker v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 770 F.3d 944, 948 (10th Cir. 2014) (internal quotation marks and citation omitted).  Here, even if we conclude that resolution of whether Section 6409 applies will be an important question, this question does not rise to the substantiality required under *Nicodemus* and *Becker*.

As the City anticipated, Respondents raise the City's compliance with federal law as a defense and in counterclaims and maintain that this Court has jurisdiction over those issues. [Doc. 10, referencing Section 6409]  Respondents' arguments are unavailing for two reasons.  First, in determining whether the City's claim arises under federal law, the Court must ignore potential defenses and counterclaims.  *Holmes Grp., Inc.*, 535 U.S. at 831; *Hansen*, 641 F.3d at 1220.  Second, Respondents' position is that the City's permitting requirements have been preempted by federal law.  [Doc. 1, ¶¶ 6-7]  Ordinary preemption, however, is not a basis for federal court jurisdiction.  Ordinary preemption is

6

a defense that "asserts that the state claims have been substantively displaced by federal law." *Devon Energy Prod. Co., L.P.*, 693 F.3d at 1203 n. 4. "[O]rdinary preemption simply declares the primacy of federal law, regardless of the forum or the claim." *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 702 (4th Cir. 2015) (internal quotation marks and citation omitted.) Hence, "[t]he fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted . . . does not establish that they are removable to federal court." *Caterpillar Inc.*, 482 U.S. at 398.

To the extent that Respondents might be invoking complete, as opposed to ordinary, preemption by stating that their tower is "globally governed and administered by [f]ederal [s]tatutes and [FCC] [r]egulations" and citing to the Telecommunications Act and the MCTR, this argument is also unavailing. [Doc. 1, ¶¶ 6, 7] *See* Telecommunications Act of 1996, 47 U.S.C. § 332 (2012); MCTR, 47 U.S.C. § 1455. When complete preemption applies, "a complaint alleging only a state law cause of action may be removed to federal court on the theory that federal preemption makes the state law claim 'necessarily federal in character.'" *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)). In the Tenth Circuit, the complete preemption analysis involves two questions, both of which must be answered affirmatively for complete preemption to apply: (1) does the relevant federal law preempt the state laws relied on by the plaintiff and (2) does the relevant federal law provide a federal cause of action as a substitute for the displaced state law cause of action? *Schmeling*, 97 F.3d at 1342.

Neither the Telecommunications Act nor the MCTR provide the exclusive cause of action for claims like those asserted here. *See Devon Energy Prod. Co., L.P.*, 693 F.3d at 1205 n. 4 (stating that the complete preemption "inquiry focuses on whether Congress intended the federal cause of action to be exclusive rather than on whether Congress intended that the cause of action be removable." (internal quotation marks and citation omitted)). Section 332(c)(7)(B)(v) of the Telecommunications Act provides that "[a]ny person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with this subparagraph may, . . . commence an action in *any court of competent jurisdiction*. (emphasis added). Similarly, nothing in Section 6409 of the MCTR indicates that it precludes state causes of action for violations of its provisions. *See* 47 C.F.R. § 1.40001(c)(5) (stating that "[a]pplicants and reviewing authorities may bring claims related to Section 6409(a) [of the MCTR] to any court of competent jurisdiction."). Given the absence of an exclusive federal cause of action under these statutes, the complete preemption inquiry is at an end. *See Devon Energy Prod. Co., L.P.*, 693 F.3d at 1206 (stating that courts should begin the inquiry with the second prong of the analysis).

Under the "well-pleaded complaint rule," the City's petition does not establish that the City's cause of action arises from federal law or rests on resolution of a *substantial* federal question. Although ultimately the question of whether Section 6409 applies to Respondents' tower will be significant in this matter, this question was raised as a defense to the City's state law claim for relief for violation of a municipal ordinance. Respondents' defenses and counterclaims resting on federal law are insufficient to confer

8

federal court jurisdiction. Finally, Respondents have not established that federal law completely preempts the state cause of action asserted. Consequently, this Court does not have jurisdiction under 28 U.S.C. § 1331. Accordingly, the City's *Motion to Remand* is **granted** and this case is **remanded** to the First Judicial District Court.

**SO ORDERED this 19th day of September, 2016.**

_____
M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE